[No. 37785. Department One. March 3, 1966.]

MARTIN MCCULLOUGH et al., *Appellants*, v. E. I. DU PONT DE NEMOURS & COMPANY, INC. et al., *Respondents*.[*]

*Dwight A. Halstead,* for appellant.

*Gavin, Robinson, Kendrick, Redman & Mays, John Gavin,* and *Eisenhower & Carlson,* for respondent E. I. du Pont de Nemours & Company, Inc.

*Thomas B. Grahn* (of *Halverson, Applegate, McDonald & Weeks*), for respondent Norkem, Inc.

PER CURIAM.—Plaintiff Martin McCullough, a farmer in Benton County, applied a pesticide and weed killer called Karmex to his mint bed in 1959. He says that it destroyed the crop. About 12½ months later (1960), he planted potatoes in the same field and alleges that the Karmex destroyed his potato crop too. He brought this action for loss of both crops against defendant E. I. du Pont de Nemours & Company, a Delaware corporation (hereinafter referred to as du Pont), the manufacturer, and Norkem, Inc. (hereinafter referred to as Norkem), which sold him the Karmex.

[*]Reported in 411 P.2d 894.

Defendants moved for summary judgment of dismissal. Basing its ruling on all affidavits, answers to certain interrogatories, two pretrial discovery depositions of plaintiff McCullough, and the label attached to the Karmex, the trial court granted a summary judgment of dismissal to both defendants. The Karmex label contained the following statement: "Seller makes no warranty of any kind, express or implied, concerning the use of this product. Buyer assumes all risk of use or handling whether in accordance with directions or not." The summary judgment dismissed plaintiffs' claim for loss of the mint crop. The trial court found, too, as a matter of law from all of the evidentiary material presented, that plaintiffs had assumed the risk of loss to the potato crop and that no genuine issue of fact existed upon which liability could be claimed against either defendant for loss of the mint or potato crops. Plaintiffs now appeal the judgment of dismissal as to each defendant.

Because we note a number of genuine issues of fact inhering in this record, we shall not dwell further on the events and circumstances upon which claims and defenses are asserted but proceed to enumerate some of the facts which seemingly ought to be resolved by a trier of the facts.

■ Plaintiffs claim that defendant Norkem acted as an agent for du Pont in selling McCullough the Karmex and instructing him in how to apply it. Both defendants deny such an agency, but their denials seem more conclusions of law than denials in fact. Although agency may be in part a legal concept created by agreement, it may arise from the facts without an express contract. The question of agency therefore remains a genuine issue of fact in this case.

Plaintiffs declare that Norkem's agent actually looked his land over, recommended the use of 2½ pounds per acre instead of the 3 pounds per acre set forth in the Karmex directions furnished by du Pont, and thus, we think, raised another issue of fact concerning defendant Norkem, Inc.

Defendant du Pont urges that its labeling, containing a disclaimer of any warranties whatever and caveat that the

buyer of Karmex assumes all risk from the use of the chemical, completely relieves it of any liability for any claim made by plaintiffs in the action. But plaintiff McCullough says he did not read the disclaimer and warning before purchasing or applying the Karmex, and that he relied and acted upon the instructions given by defendant Norkem's salesman. This, we think, constitutes an issue of fact to be resolved at trial.

There is also a dispute of fact as to whether, even though Karmex be applied in accordance with the explicit directions from du Pont, it is so selective as to leave the crop unharmed. Whether the directions supplied by the manufacturer were adequate under the circumstances or negligently deficient represents an issue of fact.

Plaintiffs claim that Karmex was an economic poison, both adulterated and misbranded under Laws of 1941, ch. 230, p. 726, in effect until 1961, and thus applicable to the Karmex applied by McCullough in 1959.[1] They argue that Karmex used by him came within the following sections of the statute:

Sec. 3. Economic poison is adulterated when:

. . . .

(c) It is intended for use on vegetation and contains any substance or substances which is seriously injurious to vegetation, except weeds, when used according to the directions furnished therewith.

Sec. 4. Economic poison is misbranded when:

(a) The package or label thereon bears any false or misleading statement, design, or device regarding such article or the ingredients or substances contained therein.

. . . .

(d) It is labeled or branded so as to deceive or mislead the purchaser.

. . . .

Sec. 6. It is unlawful to sell any adulterated or misbranded economic poison.

---

[1]The economic poisons act, Laws of 1941, ch. 230, p. 726, was succeeded by Laws of 1961, ch. 244, p. 2086.

Since the record thus far made contains insufficient evidence to inform this court of the ingredients, properties and effects—deleterious and beneficial—of Karmex and the dangers, if any, inherent in its use, we cannot decide as a matter of law whether it is *seriously injurious* to vegetation when used in accordance with the directions furnished by du Pont and Norkem (if any), or whether the directions for its use are so deficient as to constitute a misbranding. Accordingly, the ultimate conclusion as to whether Karmex is (1) an economic poison and (2) misbranded, or (3) labeled or branded so as to deceive or mislead the purchaser, depends upon the resolution of a number of issues of fact. The statute, if applicable under the facts, could conceivably apply to both du Pont, the manufacturer and distributor, and Norkem, the seller, depending, of course, on the evidence.

Because we have observed a number of genuine issues of fact yet to be resolved by trial, we cannot at this juncture determine which of the many authorities cited by the parties are of controlling significance nor which rules of law are applicable to the facts of this case. There is time enough to do that when the facts present the issues of law squarely before us. Therefore, we do not at this time pass upon the questions of law presented except to rule that the existence of genuine issues of fact subsisting between the plaintiffs and both defendants warrants a trial on all issues of fact, including those hereinabove referred to and those framed by the pleadings and the evidence.

Reversed and a new trial ordered.